NO. 07-08-0496-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2010

_____

TOMMY CORONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07L-208; HONORABLE ROLAND SAUL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

This case addresses the question of whether a defendant's Sixth Amendment rights are violated when an unavailable complainant's testimonial hearsay statements are admitted into evidence pursuant to the statutory authority found in article 38.071, § 2(b).[1] On November 19, 2008, following a plea of "not guilty," Appellant, Tommy

---

[1]*See generally* Tex. Code Crim. Proc. Ann., art. 38.071 (Vernon Supp. 2009). For convenience, articles of the Texas Code of Criminal Procedure will subsequently be cited as "article ___" or "Article ___".

Coronado, was convicted by a jury of the offense of aggravated sexual assault[2] (Count I), a first degree felony, and indecency with a child[3] (Count II), a second degree felony. Following a plea of "true" to the allegations contained in the enhancement portion of the indictment, the jury assessed Appellant's sentence, as to each offense, at confinement for life and a fine of $10,000. Because the trial court did not order the sentences to run consecutively, by operation of law, the sentences run concurrently.[4] By issues one and five, Appellant contends the evidence is both legally and factually insufficient; and by issues two, three, and four, he contends his constitutional right to confront and cross-examine the complaining witness was abridged. We affirm.

## Background

In early August 2007, Sylvester Dominguez noticed that the personality of his three-year old daughter, R.D.,[5] had dramatically changed. In response to questioning as to whether "anybody had touched her, anybody hurt her, anybody touch her cookie,"[6] R.D. responded "yes." When asked whether "Tommy" had done this, she again answered "yes." Based upon these statements, on August 8, 2007, R.D. was examined by Danielle Livermore, a sexual assault nurse examiner, and interviewed by Brandi Johnson, a forensic examiner associated with the Bridge Children's Advocacy

---

[2]*See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(1) and (2)(B) (Vernon Supp. 2009).

[3]*See* Tex. Penal Code Ann. § 21.11 (a)(1) (Vernon Supp. 2009).

[4]*See* Tex. Penal Code Ann. § 3.03 (a) (Vernon Supp. 2009).

[5]To protect the privacy of the complaining witness, we refer to her by her initials.

[6]"Cookie" was R.D.'s word for her vaginal area.

Center.  The sexual assault examination revealed that R.D.'s hymen was irregular and showed evidence of healed trauma.  Based on this examination, Livermore concluded that R.D. had been sexually assaulted.  In the forensic interview, R.D. stated that Appellant had touched her "cookie" and that it hurt.  As a result of that information, on December 19, 2007, Appellant was indicted for aggravated sexual assault and indecency with a child.

On November 14, 2008, a pretrial hearing was held to determine the admissibility of the videotaped recording of R.D.'s August 8, 2007, forensic interview at the Bridge Children's Advocacy Center, in accordance with the provisions of article 38.071 of the Texas Code of Criminal Procedure.  At that hearing, the court heard testimony from R.D.'s mother, Vanessa Dominguez, and a child psychologist, Priscilla Kleinpeter, to the effect that requiring R.D. to give testimony in the presence of Appellant, or even by closed-circuit television, would have a significant traumatic impact on the child.  The court then concluded that the child was "unavailable to testify" in the presence of Appellant, as that term is used in article 38.071.[7]  Appellant has not contested the trial court's determination of unavailability.  As a condition precedent to the admissibility of that recording, the court then ordered that Appellant have the opportunity to present written interrogatories to the child through a subsequent recorded interview to also be

---

[7]In making a determination of unavailability under article 38.071, the court shall consider relevant factors including the relationship of the defendant and the child, the character and duration of the alleged offense, the age, maturity, and emotional stability of the child, and the time elapsed since the alleged offense, and whether the child is more likely than not to be unavailable to testify because of: (1) emotional or physical causes, including confrontation with the defendant; or (2) the child would suffer undue psychological or physical harm through involvement at the hearing or proceeding. *See* Art. 38.071, § 8 (Vernon Supp. 2009).

conducted by Ms. Johnson. After discussing the pros and cons of allowing the forensic interviewer the "leeway" of following up on answers given by the child, as opposed to allowing counsel the opportunity to present follow up written questions, the court determined that allowing leeway was "the best way to do it." Appellant's counsel did object to the general procedure of allowing cross-examination through the use of written interrogatories; however, no objection was made as to the specific procedure of disallowing follow up questions. Accordingly, the issue of follow up questions was not preserved for review and we express no opinion as to the propriety of this portion of the procedure employed. Following the conclusion of the pretrial hearing, the interview on written questions was conducted that day.

At trial, in lieu of R.D.'s live testimony, the State offered the videotaped recording of her August 8, 2007, Bridge interview. A videotaped recording of the court-ordered interview on written interrogatories was also played for the jury. In addition to the recordings of R.D.'s two forensic interviews, the jury heard testimony from Vanessa and Sylvester Dominguez, as well as Danielle Livermore, Brandi Johnson, and Priscilla Kleinpeter. In addition to testifying on his own behalf, Appellant offered the testimony of his mother, Maria Quintana, and his wife, Victoria Coronado. Upon being duly charged, the jury returned a verdict of guilty as to both counts. Judgment was entered and this appeal followed.

### Legal and Factual Sufficiency

When, as here, an appellant challenges both the legal and factual sufficiency of the evidence, we are required to conduct an analysis of the legal sufficiency of the evidence first and, then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. 2007). The conviction will then be sustained unless it is irrational or unsupported by more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The fact finder is the sole judge of the credibility of the witnesses and of the weight to be afforded their testimony. *Barnes v. State,* 876 S.W.2d 316, 321 (Tex.Crim.App. 1994). Reconciliation of conflicts and contradictions in the evidence is within the fact finder's province and is usually conclusive. *See Van Zandt v. State,* 932 S.W.2d 88, 96 (Tex.App.--El Paso 1996, pet. ref'd).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a

reasonable doubt.  *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006).  In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by any evidence and may not order a new trial simply because we may disagree with the verdict.  *Watson,* 204 S.W.3d at 417.  As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict.  *Id.*

Additionally, as directed by the Texas Court of Criminal Appeals, when conducting a factual sufficiency review, we must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal.  *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  This does not, however, mean that we are required to discuss *all* evidence admitted at trial.  *See id.  See also Roberts v. State*, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

**Analysis**

In order to establish the offense of aggravated sexual assault, the State was required to prove that Appellant intentionally or knowingly caused the penetration of the sexual organ of a child who was then and there younger than 14 years of age.  *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(1) and (2)(B) (Vernon Supp. 2009).  In order to establish the offense of indecency with a child, the State was required to prove

6

Appellant, with the intent to arouse or gratify his sexual desire, intentionally or knowingly touched the genitals of a child who was younger than 17 years and not Appellant's spouse. *See* Tex. Penal Code Ann. § 21.11 (a)(1) (Vernon Supp. 2009).

Reviewing the evidence in the light most favorable to the verdict, the videotaped statements of R.D. alone were sufficient to establish every essential element of the offenses of aggravated sexual assault and indecency with a child. While Appellant acknowledges that testimony of a single witness can be legally sufficient to substantiate a finding of guilt, *Castillo v. State,* 913 S.W.2d 529, 535 n.3 (Tex.Crim.App. 1995); *Rodriguez v. State,* 955 S.W.2d 171, 174 (Tex.App.--Amarillo 1997, no pet.), he contends that this principle has no application where the defense was given no opportunity to rigorously cross-examine the complaining witness. Appellant cites no authority supporting his contention. Without same, the issue is inadequately briefed and, therefore, waived. *See* Tex. R. App. P. 38.1(h); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).

Furthermore, because Appellant's contentions concerning his right to cross-examine the complaining witness are more fully discussed with respect to issues two, three, and four, we overrule issue five challenging the legal sufficiency.

Appellant contends the evidence is factually insufficient because, other than the medical evidence of trauma to R.D.'s hymen, the State's case rests solely upon the testimony of a three year old child as recorded in the forensic interviews of Brandi

7

Johnson and the hearsay statements of the child as given to Priscilla Kleinpeter. Appellant maintains that the scarcity of evidence undermines both the issue of whether an offense occurred, and whether he committed the offense, if one in fact did occur.

In addition to the medical testimony and R.D.'s recorded statements implicating Appellant in the commission of both offenses, the State offered R.D.'s outcry statement to her father to the effect that Appellant hurt her by touching her "cookie." A child victim's outcry statement alone can be sufficient to sustain a conviction for aggravated sexual assault. *Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App. 1991).

Appellant's suggestion that he did not have an opportunity to commit the charged offenses was contradicted by the testimony of R.D.'s mother, father, grandmother, and great-grandmother, as well as Appellant's own testimony. Furthermore, Appellant's suggestion that R.D.'s physical symptoms could be rationally explained by other possibilities does not preclude the possibility that they were caused by the criminal conduct of Appellant. As such, the jury was free to listen to the evidence, judge the credibility of the witnesses, and make its own determination as to the truth of the matters asserted. Based upon the evidence presented, we cannot say that the jury was not rationally justified in finding guilt beyond a reasonable doubt. In other words, we conclude there is no objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's finding of guilt. *See Watson,*

204 S.W.3d at 417. Appellant's first issue challenging the factual sufficiency is overruled.

### *Confrontation of Witnesses*

Appellant contends that because he was allowed to cross-examine R.D.'s videotaped statements only through the use of written interrogatories, presented by a third person, via a videotaped interview, he was denied his right to face-to-face confrontation and cross-examination as guaranteed by the Sixth Amendment. The State contends that Appellant was accorded every right guaranteed by the Sixth Amendment when the trial court, consistent with provisions of section 2(b) of article 38.071, allowed him to submit written questions that were then presented by a neutral individual and recorded under the same or similar circumstances as the original interview. Thus, the issue before this Court is whether the post-interview submission of written interrogatories pursuant to the procedure authorized by section 2(b) of article 38.071 is a meaningful and effective substitute for in-court, sworn testimony, subject to face-to-face confrontation and cross-examination in a criminal trial.[8]

The Sixth Amendment guarantees the accused, in every criminal prosecution, the right "to be confronted with the witnesses against him." U.S. Const. amend. VI.

---

[8]To date, the Texas Court of Criminal Appeals has not squarely addressed this issue. Although petition for discretionary review was granted on a similar issue in *Rangel v. State*, 222 S.W.3d 523 (Tex.App.--Fort Worth 2006), that petition was subsequently dismissed as improvidently granted. *Rangel v. State,* 250 S.W.3d 96 (Tex.Crim.App. 2008). Rangel's ground for discretionary review read as follows:

> Whether [Rangel's] Sixth Amendment rights were violated when the unavailable complainant's testimonial hearsay statements were admitted into evidence pursuant to statutory authority. [Article 38.071, § 2(b)].

This right is secured for the defendant in state as well as federal criminal prosecutions. *Pointer v. Texas,* 380 U.S. 400, 404, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Supreme Court has determined that this provision, commonly referred to as the Confrontation Clause, bars "admission of testimonial statements of a witness who did not appear at trial unless [the witness] is unavailable to testify and the defendant has had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

This right of confrontation has further been construed to include not only the right to face-to-face confrontation, but also to the right to meaningful and effective cross-examination. *Davis v. Alaska,* 415 U.S. 308, 315-316, 94 S.Ct. 1105, 39 L.Ed.2d 347 1974). Professor J. Wigmore has described the "main and essential purpose" of confrontation to be the opportunity for cross-examination through the process of putting direct and personal questions to the witness and the obtaining of immediate answers. 5 J. Wigmore, *Evidence* § 1395, at 123 (3d ed. 1940). Cross-examination is the principal means by which an accused can test the credibility of a witness and the truth of their testimony. *Davis,* 415 U.S. at 316. It provides the accused with a process whereby the motivation for testifying or bias of a witness can be exposed to truth-finding function of the trier of fact. *Id.*

**Analysis**

Whether a particular out-of-court statement is testimonial is a question of law. *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex.Crim.App. 2008). Generally speaking, an out-of-court statement is testimonial when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past facts or events potentially relevant to later criminal prosecution. *Davis v. Washington,* 547 U.S. 813, 822, 126 S.Ct. 2266 165 L.Ed.2d 224 (2006); *De La Paz,* 237 S.W.3d at 680*.* Error in admitting evidence in violation of a defendant's right of confrontation is constitutional error, which necessitates reversal unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Langham v. State*, No. PD-1780-08*,* 2010 Tex.Crim.App. LEXIS 21, at *34-35 (Tex.Crim.App. March 3, 2010); *Wood v. State,* 299 S.W.3d 200, 214 (Tex.App.--Austin 2009, pet. filed).

Here, the primary purpose of the August 8th interview was to preserve a record of past facts or events for purposes of a later criminal prosecution and the purpose of the follow up interview was to comply with the requirements of article 38.071 for the admissibility of that original recording during that prosecution. The accuracy and truthfulness of R.D.'s statements were crucial to the State's case against Appellant. In both situations, R.D.'s statements clearly constitute testimonial hearsay for Confrontation Clause purposes.

11

Having determined that the videotaped interviews were testimonial under the United States Supreme Court decisions in *Crawford v. Washington* and *Davis v. Washington,* this case highlights the tension existing between the right of an accused to confront the witnesses against him, as determined by decisions like *Davis v. Alaska,* and the State's policy of protecting child witnesses in sexual assault cases from further trauma. Despite serious concerns pertaining to the reliability of child witness testimony, and notwithstanding the due process significance of the right of confrontation of witnesses, the trend among courts and legislatures has been to relax evidentiary and procedural requirements pertaining to the admissibility of child witness testimony in child sexual abuse prosecutions in an effort to balance these competing public policy interests. Article 38.071 is such an attempt.

In *Maryland v. Craig,* 497 U.S. 836, 857, 110 S.Ct. 3157, 111 L.Ed.2d 656 (1990) the United States Supreme Court recognized that the constitution does not guarantee the absolute right to face-to-face confrontation. In *Craig,* the Court approved certain limitations on the right of confrontation, holding that states may use closed-circuit television or other methods of confrontation short of "face-to-face confrontation" where a court makes a case-specific finding that there is potential for trauma to a child witness from testifying in open court, in the presence of the defendant. *Id,* at 857.

Here, Appellant contends the trial court should have considered less restrictive alternatives to the use of written questions in lieu of live, face-to-face cross-examination.

12

A similar argument was rejected by the Supreme Court in *Craig* when the Court declined to establish "any such categorical evidentiary prerequisite," so long as the trial court makes a case-specific finding that the procedure employed was necessary under the facts of that particular case. *Id.* at 860.

Additionally, whether a particular method of confrontation is deemed constitutionally sufficient depends upon a determination as to whether the procedure adequately ensures that the testimony is both reliable and subject to "rigorous testing in the context of an adversary proceeding before the trier of fact." *Id.* at 845. In this context, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to test the witness's recollection, sift his conscience, observe his demeanor, judge the manner in which he gives his testimony, and make a reasonable assessment of the credibility of the witness and the weight to be given his testimony. *Id.*

In *Rangel v. State,* the Fort Worth Court of Appeals held that (1) a child victim's videotaped statement was "testimonial" and therefore governed by *Crawford,* and (2) by providing a defendant with the opportunity to submit written questions, section 2(b) of article 38.071 serves as a constitutionally sufficient alternative to face-to-face confrontation of witnesses. *Rangel v. State,* 222 S.W.3d 523, 535-37 (Tex.App.--Fort Worth 2006, pet. dism'd).[9]

---

[9]See n. 8 supra.

13

While the right to confront our accusers through face-to-face cross-examination is not a right that is absolute and unbendable, it is a right that should not be quickly or carelessly compromised. Although limited, section 2(b) of article 38.071 does provide the accused with a means of testing the testimony of the witnesses against him through the submission of cross-examination questions. Where a video recording of the child-witness is made, the fact finder is further afforded the opportunity to observe the child's demeanor, judge the manner in which he gives his testimony, and make reasonable assessments concerning the weight and credibility of his testimony.

Furthermore, it should be noted that article 38.071 does not disqualify the child from testifying.[10] It merely provides a means whereby a videotaped interview of the child may be used when the trial court determines that the child is "unavailable" based on certain relevant factors, including the factors set out by article 38.071, § 8. In those situations where the child is physically available to be called as a witness, both the prosecution and the defense are faced with the unenviable task of deciding whether to seek leave of the trial court to call the child to the stand. Not only do they face the uncertainty of knowing how a child of tender years might react to the pressure of being placed under the piercing spotlight of interrogation, they also run the very real danger of

---

[10]Section 6 of article 38.071 does provide that the child may not be *required* to testify in court if the trial court finds the testimony of the child taken under sections 2 or 5 of that article is admissible into evidence. However, even if the child's testimony taken under those sections is admitted into evidence, a trial court may still allow the child to testify upon a finding of good cause. Because we are not presented with the question of whether the trial court in this cause erred by denying the accused the right to call the child as a witness, we express no opinion as to whether or not the denial of a defendant's right to call the complaining witness as a witness at trial would affect the defendant's due process rights or the constitutionality of limiting his right of confrontation.

14

seriously alienating the fact finder (usually a jury) for having traumatized such a tender witness. In an attempt to find a suitable solution to this Hobson's choice, while at the same time providing a meaningful compromise between the defendant's right of confrontation and society's interest in protecting young child victims from additional trauma occasioned by placing them within the crucible of confrontation and cross-examination in a courtroom setting, we find that the procedures governed by section 2(b) of article 38.071 can be an appropriate constitutional accommodation.

Here the trial court made a case-specific determination, based upon competent testimony, that the child was unavailable. Appellant was accorded the opportunity to, and did, submit questions to the child through the use of written interrogatories under the procedure outlined by section 2(b). Under the facts of this case, we find no error in the trial court's decision to allow cross-examination through written questions only. Accordingly, we find no error in the trial court's decision to allow the admission of R.D.'s videotaped interview in face of Appellant's Confrontation Clause objection. Issues two, three, and four are overruled.

## Conclusion

Having overruled each of Appellant's issues, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Publish.

15