NO. 07-08-0496-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 OCTOBER 26, 2011

 ______________________________

 TOMMY CORONADO, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

 NO. CR-07L-208; HONORABLE ROLAND SAUL, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION ON REMAND

 The Texas Court of Criminal Appeals has decided that the statutory procedure established by
article 38.071, section 2(b) of the Texas Code of Criminal Procedure is not an appropriate
constitutional accommodation for the right of confrontation. Accordingly, the prior opinion of this
Court, Coronado v. State, 310 S.W.3d 156 (Tex.App.--Amarillo 2010, pet. granted), was reversed and
the case was remanded for further proceedings consistent with the opinion of the Court of Criminal
Appeals. Coronado v. State, ___S.W.3d ___, No. PD-0644-10, 2011 Tex.Crim.App. LEXIS 1248
(Tex.Crim.App. Sept. 14, 2011). On remand, we reverse and remand the case to the trial court for
further proceedings.

 Background

 On December 19, 2007, Appellant was indicted for aggravated sexual assault[1] and indecency
with a child.[2] On November 14, 2008, a pretrial hearing was held to determine the admissibility
of the videotaped recording of the three-year-old child victim's forensic interviews at the Bridge
Children's Advocacy Center, in accordance with the provisions of article 38.071 of the Texas Code of
Criminal Procedure. At the conclusion of that hearing, the trial court determined that the child
was "unavailable to testify" in the presence of Appellant, as that term is used in article 38.071,
and then ordered, as a condition precedent to the admissibility of that recording, that Appellant
have the opportunity to present written interrogatories to the child through a subsequent recorded
interview. Following the conclusion of the pretrial hearing, the interview on written questions was
conducted. At trial, in lieu of the child victim's live testimony, the State offered the videotaped
recordings of the child's Bridge interviews. A jury then convicted Appellant of aggravated sexual
assault, a first degree felony, and indecency with a child, a second degree felony. Following a
plea of "true" to the allegations contained in the enhancement portion of the indictment, the jury
assessed Appellant's sentence, as to each offense, at confinement for life and a fine of $10,000.
Judgment was entered and this appeal followed.

 Confrontation of Witnesses

 Appellant contends that because he was allowed to cross-examine the child victim's videotaped
statements only through the use of written interrogatories, presented by a third person, via a
videotaped interview, he was denied his right to face-to-face confrontation and cross-examination as
guaranteed by the Sixth Amendment. The Court of Criminal Appeals agreed finding that the submission
of written interrogatories pursuant to the procedure authorized by section 2(b) of article 38.071 is
not a meaningful and effective substitute for in-court, sworn testimony, subject to "rigorous
adversarial testing" via face-to-face confrontation and cross-examination in a criminal trial.
Coronado, 2011 Tex.Crim.App. LEXIS, at *39 - 40. Accordingly, we find that the trial court erred by
allowing the State to introduce the child victim's videotaped Bridge interviews.

 Harm Analysis

 A Confrontation Clause violation is subject to harmless error analysis. Rubio v. State, 241
S.W.3d 1, 3 (Tex.Crim.App. 2007). However, before constitutional error can be held harmless, the
reviewing court must be able to determine beyond a reasonable doubt that the error did not
contribute to the appellant's conviction. Chapman v. California, 386 U.S. 18, 26, 87 S.Ct. 824,
829, 17 L.Ed.2d 705 (1967). Therefore, if there is a reasonable likelihood that a Confrontation
Clause violation materially affected the jury(s deliberations, then the error is not harmless beyond
a reasonable doubt. Rubio, 241 S.W.3d at 3. Ultimately, the question is whether the State has
proven beyond a reasonable doubt that the error complained of did not contribute to the verdict
obtained. Id.

 In the instant case, the child victim's allegations of sexual abuse were hotly contested by
Appellant. The only evidence implicating Appellant in the commission of these offenses were the out-
of-court statements of the three-year-old child victim. Although the sexual assault nurse examiner
testified that the victim suffered injuries consistent with a sexual assault, nothing about that
testimony directly implicates Appellant. Based upon these facts, we cannot say beyond a reasonable
doubt that the introduction of the child victim's statements did not contribute to the jury's
verdict of guilt.

 Conclusion

 Having found that the violation of Appellant's right of confrontation of witnesses was not
harmless, the judgment of the trial court is reversed and this cause is remanded to the trial court
for further proceedings.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]See Tex. Penal Code Ann. § 22.021(a)(1)(B)(1) and (2)(B) (West 2011).

[2]See Tex. Penal Code Ann. § 21.11 (a)(1) (West 2011).