NO. 07-09-0009-CR
 NO. 07-09-0010-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MAY 20, 2010

 CHRISTOPHER DEMONT SMITH, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NOS. 57,392-A & 57,393-A; HONORABLE HAL MINER, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Christopher Demont Smith, was convicted by a jury of one count of indecency with a
child[1] and three counts of aggravated sexual assault of a child[2] and sentenced to four periods
of confinement.[3] In addition to the periods of incarceration ordered, each judgment ordered
Appellant "to pay all fines, court costs, and restitution as indicated above." In each case, the
judgment was blank as to "Court Costs." By six issues, Appellant contests: (1) the legal
sufficiency of the evidence; (2) the factual sufficiency of the evidence of indecency with a child;
and (3) aggravated sexual assault; (4) whether the trial court violated Appellant's Sixth Amendment
right to confrontation; and, (5) & (6) the trial court's assessment of court-appointed attorney’s
fees. We modify the trial court's judgment in Cause No. 57,392-A to clarify that payment of $5,000
in court-appointed attorney's fees is not a part of the court costs ordered in this case and affirm
the judgment as modified. The judgment in Cause No. 57,393-A is affirmed.

 Issue One -- Legal Sufficiency of the Evidence

 Appellant was charged with sexually abusing S.N.B. at a time when she was five years old.
Appellant contends the lack of physical evidence of sexual abuse during an examination of S.N.B. by
Dr. Rebecca Hough, and the subsequent appearance of physical evidence of sexual abuse at a later
examination, when coupled with his lack of access to the child during that intervening period,
conclusively proves that any sexual abuse to the child was perpetrated by someone other than him.

 A. Standard of Review

 When conducting a legal sufficiency review of the evidence to support a criminal conviction,
we view the evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Drichas v. State,
175 S.W.3d 795, 798 (Tex.Crim.App. 2005). We do not resolve any conflict of fact, weigh any
evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of
fact. See Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Instead, we determine whether
both the explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in the light most favorable to the adjudication. Adelman v. State, 828
S.W.2d 418, 422 (Tex.Crim.App. 1992). In so doing, we resolve any inconsistencies in the evidence
in favor of the adjudication. Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

 B. Dr. Hough's Testimony

 Dr. Hough testified she first saw S.N.B. on October 2, 2007, for the purpose of determining
whether S.N.B. had a urinary tract infection. Dr. Hough testified S.N.B.'s physical examination was
limited to checking her heart and lungs. She did not testify to any examination of S.N.B.'s
genitalia.

 At a second visit on October 19, 2007, Dr. Hough examined S.N.B. to determine why she
continued to wet her pants. During this examination, Dr. Hough examined S.N.B.'s vaginal area. She
found evidence of sexual abuse, i.e., bruising, blister-type lesions, and hardened tissue. Dr.
Hough testified the hardened mass of tissue indicated damage over time or chronic damage. When Dr.
Hough asked S.N.B. whether anyone touched her inappropriately, S.N.B. named Appellant. S.N.B. also
told Dr. Hough that Appellant "put where he pees in where she pees," and, "[w]hen she told him no,
he hit her, and he's done this many times." Dr. Hough was not asked, and did not offer, any opinion
regarding when S.N.B. might have suffered the trauma she described.

 Having reviewed the entire record, we find no evidence indicating that the trauma discovered
by Dr. Hough during the second examination occurred exclusively between the time she first examined
S.N.B. and the second examination. Furthermore, even if Dr. Hough's testimony established that
S.N.B. was sexually assaulted during that period, that fact does not mutually exclude the
possibility that Appellant assaulted her during some other period. The evidence does show that
S.N.B. named Appellant in outcries of sexual abuse made to Dr. Hough, Kim Hardy--her grandmother,
and Becky O'Neal, a Sexual Assault Nurse Examiner, who also found evidence of sexual abuse when she
examined S.N.B. This evidence is legally sufficient to support the jury's verdict. See Castillo v.
State, 913 S.W.2d 529, 535 n.3 (Tex.Crim.App. 1995); Rodriguez v. State, 955 S.W.2d 171, 174
(Tex.App.--Amarillo 1997, no pet.). See also Coronado v. State, No. 07-08-0496-CR, 2010 Tex. App.
LEXIS 2401, at *9 (Tex.App.--Amarillo March 31, 2010, no pet. h.). Accordingly, we overrule
Appellant's first issue.

Issues Two and Three -- Factual Insufficiency

 A. Standard of Review

 When conducting a factual sufficiency review, we examine all the evidence in a neutral light
and determine whether the trier of fact was rationally justified in finding guilt beyond a
reasonable doubt. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007), cert. denied, 552
U.S. 920, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007); Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App.
2006). We give deference to the fact finder's determination when supported by the record, and
cannot reverse a conviction unless we find some objective basis in the record demonstrating that the
great weight and preponderance of the evidence contradicts the verdict. Watson, 204 S.W.3d at 417.
The criminal verdict will be set aside "only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence so strong that the standard of proof beyond a
reasonable doubt could not have been met." Garza v. State, 213 S.W.3d 338, 343 (Tex.Crim.App.
2007). In addition, the fact finder is entitled to judge the credibility of the witnesses and may
choose to believe all, or some, or none of the testimony presented. Chambers v. State, 805 S.W.2d
459, 461 (Tex.Crim.App. 1991).

 Additionally, as directed by the Texas Court of Criminal Appeals, when conducting a factual
sufficiency review, we must include a discussion of the most important and relevant evidence that
supports the appellant's complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.
2003). This does not, however, mean that we are required to discuss all evidence admitted at trial.
 See id. See also Roberts v. State, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007). In that respect,
Appellant contends the State's evidence of indecency with a child is factually insufficient because:
 (1) S.N.B.'s testimony at trial was inconsistent; (2) neither Dr. Hough nor the SANE nurse swabbed
S.N.B. for DNA evidence; (3) Hardy's testimony was biased against Appellant because of his race; and
(4) the police did not interview S.N.B.'s grandparents.

 B. Indecency with a Child

 A person commits the offense of indecency with a child if a person engages in sexual contact
with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1)
(Vernon Supp. 2009). The term "sexual contact" means any of the following acts if committed with
the intent to arouse or gratify the sexual desire of any person; "any touching by a person,
including touching through clothing, of the anus, breast, or any part of the genitals of a child,"
id. at § 21.11(c)(1), or "any touching of any part of the body of a child, including touching
through clothing, with the anus, breast, or any part of the genitals of a person." Id. at §
21.11(c)(2).

 In addition to Dr. Hough's testimony described above, Hardy's and S.N.B.'s testimony
corroborated Dr. Hough's account of her outcry. S.N.B. also testified Appellant touched her in her
"special place" and "it hurt." O'Neal, the nurse who conducted S.N.B.'s SANE examination, testified
S.N.B. told her that Appellant "touch[ed] her pee pee," "put his mouth on [her] pee pee," and "put a
nail in [her] butt and put a seed in her butt." O'Neal testified S.N.B.'s SANE examination showed
evidence of sexual abuse in her vaginal area and her anus showed immediate dilation, indicating
repeated penetration. Dr. Hough's examination corroborated the results of O'Neal's examination with
regard to S.N.B.'s vaginal area.

 Any inconsistency between S.N.B.'s prior outcries and her testimony at trial went to her
credibility. Based upon the evidence recounted above, the jury could have reasonably believed that
Appellant engaged in sexual contact with S.N.B. even though some of S.N.B.'s trial testimony was
inconsistent with her earlier out-of-court statements and her in-court testimony. See, e.g., In re
A.B., 133 S.W.3d 869, 873-74 (Tex.App.--Dallas 2004, no pet.); Washington v. State, 127 S.W.3d 197,
204 (Tex.App.--Houston [1st Dist.] 2003, pet. dism'd). Moreover, our evaluation of the evidence
"should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony." Jones v. State, 944 S.W.2d 642, 648 (Tex.Crim.App. 1996), cert.
denied, 522 U.S. 832, 118 S.Ct. 100, 39 L.Ed.2d 54 (1997). Accordingly, to the extent Appellant
claims the evidence is factually insufficient because S.N.B.'s prior statements were not credible,
we hold that the evidence in support of the jury's verdict was not so weak as to render the verdict
clearly wrong or manifestly unjust.

 Appellant does not cite any case law or other authority in support of his contention that
evidence of indecency with a child is factually insufficient in the absence of the victim being
swabbed for DNA. Thus, this contention was insufficiently briefed, and therefore, waived. Tex. R.
App. P. 38.1(h). See Cardenas v. State, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).

 Neither does Appellant cite any case law or other authority in support of his contention that
evidence of indecency with a child is factually insufficient in the absence of the police
interviewing the victim's guardian or grandparents. This contention was also insufficiently
briefed, and therefore, waived. Tex. R. App. P. 38.1(h). See Cardenas, 30 S.W.3d at 393.

 Furthermore, to the extent that this portion of Appellant's argument is that the evidence is
insufficient because S.N.B.'s grandparents were racially biased, whether a witness's testimony is
racially motivated goes to the credibility of the witness and the weight to be given to their
testimony. The jury is the "exclusive judge of the credibility of witnesses," and the
reconciliation of conflicts in the testimony is also within the "exclusive province of the jury.”
See Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007); id. at art. 38.04 (Vernon 1979); Jones, 944
S.W.2d at 647. By rendering a guilty verdict, the jury apparently chose to accept the truthfulness
of Hardy's testimony that S.N.B.'s behavior markedly changed after she visited Appellant and his
wife, as well her account of S.N.B.'s outcry to Dr. Hough. Washington, 127 S.W.3d at 204. The jury
could have also believed Hardy's testimony that, even though she "didn't like the idea" of her
daughter being with a black man, she "just accepted it and went about [her] business."

 Accordingly, we find the State's evidence in support of the jury's verdict of guilty as to the
offense of indecency with a child was not so weak as to render the verdict clearly wrong or
manifestly unjust. Appellant's second issue is overruled.

C. Aggravated Sexual Assault

 Appellant contends the State's evidence of aggravated sexual assault at trial was also
factually insufficient because: (1) S.N.B.'s testimony was inconsistent; (2) terms used by S.N.B.
in her outcry were unexplained; and (3) S.N.B.'s outcry to Dr. Hough was made while Hardy was in the
room.

 A person commits the offense of aggravated sexual assault if the person, intentionally or
knowingly, causes the penetration of the anus or sexual organ of a child, younger than 14 years of
age, by any means, or causes the sexual organ of a child to contact or penetrate the mouth, anus, or
sexual organ of another person, including the actor. Tex. Penal Code Ann. § 22.021(a)(1)(B) &
(a)(2)(B) (Vernon Supp. 2009).

 S.N.B.'s outcry statement to Dr. Hough is described above. Hardy's and S.N.B.'s testimony
corroborated Dr. Hough's account of S.N.B.'s outcry, O'Neal's testimony supported S.N.B.'s version
of the events, and Dr. Hough's examination corroborated the results of O'Neal's SANE examination
with regard to the existence of trauma to S.N.B.'s vaginal area. Any inconsistency between S.N.B.'s
prior outcries and her testimony at trial went to her credibility. Based upon the evidence
recounted above, the jury could reasonably have believed that Appellant committed the offense of
aggravated sexual assault. See, e.g., In re A.B., 133 S.W.3d at 873-74; Washington, 127 S.W.3d at
204. The fact that S.B.N.'s testimony was inconsistent does not make it factually insufficient.

 Appellant next contends the evidence was factually insufficient because there were terms in
S.N.B.'s outcry to O'Neal that were unexplained by S.N.B. In sexual abuse cases, a child victim may
testify using language appropriate for his/her age to describe the sexual assault because "one
cannot expect the child victims of violent crimes to testify with the same clarity and ability as is
expected of mature and capable adults;" Villalon v. State, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990)
(en banc), and a child victim's outcry statement alone can be sufficient to support a conviction for
aggravated assault. Coronado, 2010 Tex. App. LEXIS 2401 at *9; Kimberlin v. State, 877 S.W.2d 828,
831 (Tex.App.--Fort Worth 1994, pet. ref'd) (citing Rodriguez v. State, 819 S.W.2d 871, 873
(Tex.Crim.App. 1991) (en banc). Further, putting aside the terms contested by Appellant, there
remains sufficient evidence upon which a jury could reasonably base its verdict.

 Finally, Appellant attempts to make a connection between S.N.B.'s outcry to Dr. Hough, made
while Hardy was in the room, and S.N.B.'s testimony that "Momma Kim [Hardy] told her what to say"
and she "[didn't] know what [Hardy] told her." Whether this testimony affected the verdict was a
matter left to the jury's sound discretion. The fact finder is entitled to make these decisions and
may choose to believe all, some, or none of the testimony presented. Chambers, 805 S.W.2d at 461.
By rendering a guilty verdict, the jury apparently chose to accept the truthfulness of S.N.B.'s
testimony. Washington, 127 S.W.3d at 204.

 Accordingly, we find the State's evidence in support of the jury's verdict of guilty of
aggravated sexual assault of a child was not so weak as to render the verdict clearly wrong or
manifestly unjust. Appellant's third issue is overruled.

Issue Four -- Sixth Amendment

 Appellant next contends the trial court violated his Sixth Amendment right to confront his
accuser by permitting the State's prosecutor to stand between S.N.B. and Appellant during a portion
of her testimony. During the State's direct examination of S.N.B., the State's attorney requested
permission from the trial court to stand between S.N.B. and Appellant. The State's attorney stated
that he did "not want to block [Appellant's] view but [S.N.B.] keeps looking over at him and I'm
concerned now. . . ." The trial court granted the State's request over Appellant's Sixth Amendment
objection based on Crawford.[4]

 The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses against him. U.S. Const.
amend. VI.[5] The Confrontation Clause reflects a preference for face-to-face confrontation at
trial, but that preference must occasionally give way to considerations of public policy and the
necessities of the case. Maryland v. Craig, 497 U.S. 845, 849, 110 S.Ct. 3157, 111 L.Ed.2d 666
(1990); Coronado, 2010 Tex. App. LEXIS 2401 at *9 (construing the public policy considerations of
article 38.071, section 2(b) of the Texas Code of Criminal Procedure, as an appropriate
constitutional accommodation in lieu of face-to-face confrontation). The United States Supreme
Court has stated that an exception to the right of face-to-face confrontation exists when the State
shows that a special procedure is necessary to protect child witnesses from the trauma of testifying
in court. See Craig, 497 U.S. at 855.[6]

 Here, S.N.B. appeared at trial and was subject to cross-examination. Appellant does not
assert that she was hidden from the jury's view or from his counsel's view at any time while she was
testifying. Rather, she testified under oath in view of the jury while Appellant's counsel was
given an unfettered opportunity to cross-examine S.N.B. while Appellant was in her full view.
Accordingly, we cannot say Appellant was denied his constitutional right to confrontation by the
limited accommodation made during the State's direct examination. See Moore v. State, 169 S.W.3d
467, 470 n.8 (Tex.App.--Texarkana 2005, pet. ref'd) ("[W]hen a witness appears at trial and is
subject to cross-examination, the Confrontation Clause is not violated."). See also Palmer v.
State, 716 S.W.2d 174, 176-77 (Tex.App.--Houston [14th Dist.] 1986, pet. ref'd), motion for reh'g
denied, 741 S.W.2d 451 (Tex.Crim.App. 1987) (per curiam). Appellant's fourth issue is overruled.

Issue Five and Six -- Court-Appointed Attorney’s Fees

 By issues five and six, Appellant makes a two prong attack on what he contends is the
erroneous assessment of attorney's fees in this case. The first prong of Appellant's attack is that
a trial court may not order a criminal defendant to repay the State for the costs of a court-
appointed attorney without making a determination, based upon competent evidence, that the defendant
has financial resources that enable him to offset in part or in whole the costs of legal services
provided. In support of this prong of his attack, Appellant relies heavily upon this Court's
decision in Mayer v. State, 274 S.W.3d 898 (Tex. App.--Amarillo 2008) aff’d, No. PD-0069-09, 2010
Tex.Crim.App. LEXIS 100 (Tex.Crim.App. March 24, 2010). The second prong of Appellant's attack is
that the trial court erred because it did not orally pronounce the assessment of attorney’s fees at
sentencing, nor did it declare the precise amount of attorney's fees in its written judgment. In
support of this prong of his attack, Appellant relies upon the decision in Burke v. State, 261
S.W.3d 438, 439 (Tex.App.--Austin 2008, no pet.) (holding that a judgment assessing an undetermined
amount of attorney's fees was error where the trial court did not order the Defendant to pay a
specific amount of attorney's fees either in its oral pronouncement or its written judgment). In
response, the State does not address the second prong; but, instead, urges this Court to reconsider
its judgment and opinion in Mayer.[7]

A. Reimbursement of Attorney's Fees

 Appellant contends the trial court erred by ordering him to repay the State for the costs of
his court-appointed attorney. Under article 26.05 of the Texas Code of Criminal Procedure, a trial
court has authority to order reimbursement of appointed attorney’s fees if the court determines,
based upon sufficient evidence, that a defendant has financial resources that enable him to offset,
in part or in whole, the costs of the legal services provided. See Tex. Code Crim. Proc. Ann. art.
26.05(g) (Vernon Supp. 2009). The record before us does not contain a determination or finding by
the trial court that Appellant had any financial resources or was "able to pay" the appointed
attorney’s fees.

 The record reflects that on March 26, 2008, Appellant filed an affidavit, including relevant
financial information, wherein he requested the appointment of counsel for representation at trial.
On March 27, 2008, the trial court granted his request and appointed counsel. Again, on December
18, 2008, Appellant filed a Pauper's Oath on Appeal petitioning the trial court to appoint appellate
counsel on appeal, and again on January 5, 2009, the trial court determined he was entitled to that
relief, ordered the court reporter to prepare a reporter's record, and appointed appellate counsel
to assist Appellant in the presentment of his appeal. Unless a material change in his financial
resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain
indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (Vernon
Supp. 2009). Therefore, while there is no evidence of record demonstrating a material change in
Appellant's financial resources, there was ample evidence demonstrating that, before trial and
immediately following rendition of judgment, Appellant was indigent and qualified for court-
appointed counsel.

 Without evidence demonstrating Appellant's financial ability to offset the costs of legal
services, any order requiring Appellant to reimburse the State for the costs of his court-appointed
attorney would be error. See Mayer v. State, No. PD-0069-09, 2010 Tex.Crim.App. LEXIS 100
(Tex.Crim.App. March 24, 2010). Accordingly, Appellant's fifth issue is sustained.

 B. Assessment of Undetermined Amount of Attorney's Fees

 The second prong of Appellant's attack is premised on the argument that the trial court did
not order Appellant to pay a specific amount of attorney's fees, either by pronouncement at
sentencing or in the written judgment. Even though the State does not address this argument, the
validity of Appellant's premise is incorrect. The judgment in question appears to be a form
customarily used by the district courts of Potter County, Texas. The introductory summary
statements contained on the first page of the judgment state:
 ________________________________________________________________
 Fine: Court Costs: Restitution: Restitution Payable to:
 N/A $ $ N/A __ Victim__ Agency/Agent

 Page two of the judgment contains the statement: "The Court Orders Defendant to pay all fines,
court costs, and restitution as indicated above." (Emphasis in original). Even though the judgment
in question shows a blank for court costs, the Bill of Costs contained in the Clerk's Record
indicates that Appellant was required to pay $5,000 for court-appointed attorney's fees in Cause No.
57,392-A. The Bill of Costs in Cause No. 57,393-A does not include an amount for attorney's fees.
A cost indicated on a certified Bill of Costs prepared by the District Clerk can be collected from a
criminal defendant. See generally Tex. Code Crim. Proc. Ann. art. 103.001, et seq. (Vernon 2006).
Therefore, to the extent that the judgment does order Appellant to pay court costs, we find that it
does order him to pay a definite and defined amount of attorney's fees. Appellant's sixth issue is
overruled.

 Conclusion

 Having determined that the trial court erred by requiring Appellant to reimburse the State for
the costs of his court-appointed attorney, we modify the judgment in Cause No. 57,392-A to clarify
that the order to pay court costs does not include a requirement that he pay the $5,000 in
attorney's fees contained in the Bill of Costs. As modified, the trial court’s judgment in Cause
No. 57,392-A is affirmed. The trial court’s judgment in Cause No. 57,393-A is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. § 21.11(a)(1) Vernon Supp. 2009).

[2]See Tex. Penal Code Ann. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2009).

[3]Appellant was originally charged with two counts of indecency with a child in Cause No. 57,392-A,
and three counts of aggravated sexual assault of a child in Cause No. 57,393-A. In Cause No. 57,392-
A, the jury found Appellant guilty of count 1 and sentenced him to five years confinement. The
trial court issued an instructed verdict of not guilty as to count two. In Cause No. 57,393-A, the
jury found Appellant guilty of all three counts of aggravated sexual assault and sentenced him to
sentences of thirty-five years, thirty-five years, and fifteen years respectively. The trial court
ordered that the five year sentence be served concurrent to any other period of confinement, and
that the remaining sentences be served consecutively.

[4]In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States
Supreme Court held that in-court testimony or its functional equivalent (i.e., "material such as
affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine,
or similar pre-trial statements that declarants would reasonably expect to be used prosecutorially")
may not be used as evidence against an accused unless the accused has an opportunity to confront and
cross-examine the maker of the statement. Id. at 51.

[5]This right to confrontation was made applicable to the states by the Due Process Clause of the
Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923
(1965).

[6]The determination of whether alternative forms of testimony are necessary should be made on a
case-by-case basis. See Craig, 497 U.S. at 855. Contrary to Appellant's contention, Texas Code of
Criminal Procedure article 38.071 is inapplicable here because the article "applies only to a
hearing or proceeding in which the court determines that a child . . . would be unavailable to
testify in the presence of the defendant. . . ." Tex. Code Crim. Proc. Ann. art. 38.071 § 1 (Vernon
Supp. 2009). Here, S.N.B. did testify in Appellant's presence.

[7]At the time the State filed its brief it did not have the benefit of the Court of Criminal
Appeals’s decision in Mayer v. State, No. PD-0069-09, 2010 Tex.Crim.App. LEXIS 100 (Tex.Crim.App.
March 24, 2010).